c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 1:12-CR-00165 |
| VERSUS | JUDGE DRELL |
| ISAAC ABDI HASHI | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence (Doc. 47) under 28 U.S.C. § 2255, filed by Petitioner Isaac Abdi Hashi ("Hashi"). Because the United States Sentencing Guidelines ("U.S.S.G.") are not subject to challenges for vagueness, Hashi's § 2255 motion (Doc. 47) should be DENIED as untimely.

I.  **Background**

Hashi was indicted by a federal grand jury on three counts of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. §§111(a)(1) and (b), and two counts of possessing contraband in a federal prison in violation of 18 U.S.C. §1791(a)(2). (Doc. 1). Hashi entered a plea of guilty to Count 1 – assaulting, resisting, or impeding a federal officer. (Docs. 23, 24). Counts 2-5 were dismissed at sentencing. (Doc. 31).

The Court determined Hashi was a career offender based on prior convictions for the federal crime of assault on a federal officer. (Doc. 47, p. 5; PSR, ¶ 42). The Court upwardly departed from the advisory guideline range and sentenced Hashi to imprisonment for 216 months to run consecutively with the sentence Hashi was currently serving. (Doc. 29, p. 1; Doc. 31, p. 2).

The United States Fifth Circuit Court of Appeals affirmed. United States v. Hashi, 539 Fed.Appx. 634 (5th Cir. 2013). Mandate issued on October 4, 2013. (Doc. 46, p. 4).

On June 27, 2016, through the Federal Public Defender, Hashi filed this Motion to Vacate under 28 U.S.C. § 2255, asserting he is entitled to resentencing under Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. 47, pp. 2-9). In his sole request for relief, Hashi contends he was denied his right to due process of law when his sentence was enhanced by a prior conviction that was only cognizable as a crime of violence under U.S.S.G. § 4B1.2(a)(2)'s residual clause. Id. Hashi argues the residual clause of U.S.S.G. § 4B1.2(a)(2) is identical to that declared unconstitutionally vague in Johnson, 135 S.Ct. 2551, and made retroactive to cases on collateral review in Welch v. United States, 136 S.Ct. 1257 (2016). Id.

The Court granted the United States of America's (the "Government's") Motion to Stay (Doc. 50), pending a ruling in Beckles v. United States, 137 S.Ct. 886 (2017). (Doc. 51). Beckles is now resolved. The Federal Public Defender has withdrawn. (Docs. 53, 54). Hashi now proceeds *pro se*. The Government opposes Hashi's § 2255 motion as untimely. (Doc. 55).

II.  Law and Analysis

    A.  Hashi's § 2255 motion is untimely because he does not qualify for relief under Johnson v. United States.

A prisoner may seek to vacate, set aside, or correct his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The statute of limitations for such motions is one-year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Hashi's conviction became final in December of 2013, when the time for seeking direct appellate review in the United States Supreme Court expired – that is 90 days after the Fifth Circuit affirmed the judgment of his conviction. See U.S.S.Ct. Rule 13(1); Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536 (5th Cir. 2000). Thus, Hashi's claim cannot be considered under the period established by 28 U.S.C. § 2255(f)(1). Rather, Hashi must rely on one of the three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. See 28 U.S.C. § 2255(f)(2)(3) and (4).

Hashi's motion contains no allegations that implicate § 2255(2) or (4). Rather, Hashi asserts retroactive application of Johnson to the upward departure of his sentencing guideline. (Doc. 47, pp. 2-9). Therefore, the applicable statute of limitations would begin to toll on "the date on which the right asserted was initially

3

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Johnson was decided on June 26, 2015. Johnson, 135 S.Ct. 2551. Hashi filed his § 2255 motion on June 27, 2016. (Doc. 47). The Government contends Hashi's § 2255 motion should be dismissed because it was filed one day late. (Doc. 55, p. 6). June 26, 2016 was a Sunday. According to Fed. R. Civ. P. rule 6(a)(1)(C), "[w]hen the period is stated in days or a longer unit of time . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or a legal holiday, the period continues to run until the ed of the next day that is not a Saturday, Sunday, or legal holiday." Since June 26, 2016 was a Sunday, the statute of limitation for Hashi's § 2255 motion under Johnson would be June 27, 2016.

However, the right asserted must be one recognized by the Supreme Court, made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). Hashi's § 2255 motion would only be timely if he qualifies for relief under Johnson, 135 S.Ct. 2551. Hashi contends his sentence was improperly enhanced under an unconstitutionally vague residual clause in U.S.S.G. § 4B1.2(a). (Doc. 47, p. 9). Hashi asserts the presentence investigation report ("PSR") shows he had at least two prior felony criminal convictions that qualified him as a career offender under § 4B1.1. (Doc. 47, p. 1). Hashi further asserts the application of career offender enhancements resulted in a guidelines range of 155-188 months. (Doc. 47, p. 1). Hashi aruges his sentence is unconstitutional under Johnson, 135 S.Ct. 2551. (Doc. 47, pp. 2-9).

4

In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S.Ct. at 2563.  In Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause, and that § 4B1.2(a)'s residual clause is not void for vagueness.  Beckles, 137 S.Ct. 886, 895 (2017).  The Supreme Court's decision in Beckles thus forecloses Hashi's challenge, under Johnson, to his career offender sentence under the Sentencing Guidelines. See Beckles, 137 S.Ct. at 892.  Because Hashi does not qualify for relief under Johnson, he is not entitled to a new one-year statute of limitations under § 2255(f)(3), and his § 2255 motion is untimely.

III.  Conclusion

Because the United States Sentencing Guidelines are not subject to challenges for vagueness; and because Hashi's § 2255 motion is untimely; IT IS RECOMMENDED that Hashi's § 2255 motion (Doc. 47) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  29TH  day of July, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge